ORIGINAL

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii
HARRY YEE (3790)
Asst. United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.,
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Harry.Yee@usdoj.gov

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington DC 20044-0683
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
Email: Jeremy.N.Hendon@usdoj.gov
       Western.Taxcivil.@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 03 2013
at 2 o'clock and 35 min P M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              Plaintiff,<br><br>      v.<br><br>ABRAHAM NGUYEN MARTIN,<br>Individually and Trustee for<br>the ABRAHAM NGUYEN MARTIN<br>REVOCABLE TRUST AGREEMENT DATED<br>JANUARY 10, 1991, ANNA ANH<br>MARTIN, Individually and<br>Trustee for the ANNA ANH MARTIN<br>REVOCABLE TRUST AGREEMENT DATED<br>JANUARY 10, 1991, JOANNE ANN<br>MARTIN, WELLS FARGO BANK, N.A.,<br>LOANCARE, a Division of FNF | CIVIL No. CV13 00503 LEK RLP<br><br>COMPLAINT<br>Reduce Federal Tax Assessments<br>to Judgment and Foreclose<br>Federal Tax Liens on Real<br>Property |

10580415.1

SERVICING, INC., AND STATE OF
HAWAII, DEPARTMENT OF TAXATION,
AND

                    Defendants.

The United States of America complains and alleges as
follows:

## INTRODUCTION

1.    This is a civil action timely brought by the United
States to (i) reduce to judgment certain outstanding federal tax
assessments against Defendant Abraham Nguyen Martin ("Abraham");
(ii) reduce to judgment certain outstanding joint federal tax
assessments against Abraham and Defendant Anna Anh Martin
("Anna"); (iii) find that Abraham and Anna still retained full
ownership over the real property at issue despite each
purporting to transfer their respective interests in the real
property at issue to their respective revocable trusts and/or
that Abraham and Anna fraudulently transferred their interests
in the real property at issue and/or that the real property at
issue is held by Anna and Defendant Joanne Ann Martin ("Joanne")
as nominees of Abraham and Anna; (iv) foreclose federal tax
liens on the real property at issue; and (v) sell the real
property at issue and distribute the proceeds from such sale in
accordance with the Court's findings as to the validity and
priority of the liens and claims of all parties.

Complaint-2

10580415.1

## JURISDICTION AND VENUE

2.    This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because it is the district where the liability for the taxes at issue accrued and where the real property at issue is located.

## DEFENDANTS

5.    Abraham is named as defendant because he has unpaid federal tax liabilities and because he has an ownership interest in the real property at issue.

6.    Anna is named as defendant because she has unpaid federal tax liabilities and because she has an ownership interest in the real property at issue.

7.    Joanne is named as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property at issue.

10580415.1

8.    Wells Fargo Bank, N.A., is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

9.    LoanCare, a Division of FNF Servicing, Inc. ("LoanCare"), is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

10.   Defendant State of Hawaii, Department of Taxation, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

### SUBJECT PROPERTY

11.   The property sought to be foreclosed by this action consists of one parcel of property located at 4580 Kilauea Avenue, Honolulu, Hawaii 96816 (the "subject property").   The legal description of the subject property is set forth in Exhibit "A" attached hereto and is incorporated by reference herein.

12.   On July 30, 1985, Abraham acquired the subject property.   The Deed was recorded with the State of Hawaii Bureau of Conveyances on August 9, 1985.

13.   On December 17, 1987, Abraham conveyed title to the subject property to himself and Anna, as tenants by the entirety, via a Warranty Deed.   The Warranty Deed was recorded

10580415.1

with the State of Hawaii Bureau of Conveyances on December 18, 1987.

14.   On January 10, 1991, Abraham and Anna transferred their interests in the subject property via a Warranty Deed, but for no consideration, to Abraham, Trustee for the Abraham Nguyen Martin Revocable Trust Agreement, dated January 10, 1991 ("Abraham Revocable Trust") and Anna, Trustee for the Anna Anh Martin Revocable Trust Agreement, dated January 10, 1991 ("Anna Revocable Trust").   The Warranty Deed was recorded with the State of Hawaii Bureau of Conveyances on or about January 29, 1991.

15.   On April 9, 1998, Abraham, Trustee of Abraham Revocable Trust, and Anna, Trustee of Anna Revocable Trust, transferred title to the subject property via a Warranty Deed to Abraham and Anna, husband and wife, for no consideration.   The Warranty Deed was recorded with the State of Hawaii Bureau of Conveyances on April 17, 1998.

16.   On April 9, 1998, Abraham and Anna obtained a loan in the amount of $450,000, which was secured by a mortgage on the subject property held by AMRESCO Residential Mortgage Corporation ("AMRESCO").   AMRESCO recorded the Real Property Mortgage and Financing Statement with the State of Hawaii Bureau of Conveyances on April 17, 1998.

10580415.1

17.   Subsequently on April 9, 1998, Abraham and Anna transferred their interests in the subject property via a Warranty Deed, but for no consideration, back to Abraham, Trustee of Abraham Revocable Trust, and Anna, Trustee of Anna Revocable Trust.   The Warranty Deed was recorded with the State of Hawaii Bureau of Conveyances on April 17, 1998.

18.   On June 14, 1999, Abraham, Trustee of Abraham Revocable Trust, transferred via a Warranty Deed, but for no consideration, his interest in the subject property to Anna, Trustee of Anna Revocable Trust.   The Warranty Deed was recorded with the State of Hawaii Bureau of Conveyances on June 15, 1999.

19.   On April 15, 2005, Anna, Trustee of Anna Revocable Trust, provided a Security Mortgage to the United States District Court, District of Hawaii, in order to secure $25,000 of the $50,000 appearance bond, to secure Abraham's appearance in a non-related criminal case.   The Security Mortgage was recorded with the State of Hawaii Bureau of Conveyances on April 15, 2005.   The Security Mortgage was subsequently released by the Clerk of the United States District Court, District of Hawaii, on October 27, 2006, and the release was recorded with the State of Hawaii Bureau of Conveyances on November 6, 2006. Abraham paid no consideration for the subject property being used as collateral to secure his appearance at his criminal case proceedings.

10580415.1

20.   On November 10, 2005, the United States Attorney's Office, District of Hawaii, entered a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 relating to a judgment that office obtained against Anna for criminal restitution in a non-related criminal matter.   Notice of that lien was recorded with the State of Hawaii Bureau of Conveyances on November 28, 2005. The United States Attorney's Office, District of Hawaii, recorded a Release of the Notice of Lien with the State of Hawaii Bureau of Conveyances on February 4, 2009.

21.   On August 28, 2007, Anna attempted to transfer, via a Grant Deed, her interest in the subject property to herself and Joanne as tenants in common.   The subject property was titled at that time, however, to Anna, Trustee of Anna Revocable Trust. The Grant Deed was recorded with the State of Hawaii Bureau of Conveyances on August 31, 2007.

22.   On May 19, 2009, a delegate of the Secretary of the Treasury recorded in the State of Hawaii Bureau of Conveyances a Notice of Federal Tax Lien against Abraham for the 1992 income tax year.

23.   On March 15, 2010, a delegate of the Secretary of the Treasury recorded in the State of Hawaii Bureau of Conveyances a Notice of Federal Tax Lien against Abraham for the 1993 and 1994 income tax years.

10580415.1

24.   On October 11, 2011, a delegate of the Secretary of the Treasury recorded in the State of Hawaii Bureau of Conveyances a Notice of Federal Tax Lien against Anna for the 1993 and 1994 income tax years.

### COUNT ONE:
### REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST ABRAHAM

25.   The United States incorporates by reference paragraphs 1 through 24, above, as if fully set forth here.

26.   On various dates, a delegate of the Secretary of the Treasury made timely assessments against Abraham for unpaid federal income taxes (Form 1040 taxes) for tax year 1992 as follows:

| TAX | TAX PERIOD | DATE OF ASSESSMENT | ASSESSED AMOUNT | OUTSTANDING BALANCE* AS OF AUGUST 31, 2013 |
|---|---|---|---|---|
| 1040 | 1992 | 10/13/03<br><br><br>04/10/06<br>04/09/07<br>04/07/08 | (1)  $ 18,349.00<br>(2)  $ 13,762.00<br>(3)  $ 40,877.34<br>(4)  $  2,752.35<br>(4)  $  1,100.94<br>(6)  $     733.96 | <br><br><br><br><br>$ 126,265.16 |

(1)   Assessed Tax.
(2)   Civil Fraud Penalty pursuant to 26 U.S.C. § 6663.
(3)   Assessed Interest.
(4)   Failure to Pay Penalty.

* Including accrued but unassessed interest and statutory additions through August 31, 2013.

10580415.1

27.   The IRS and Abraham agreed to the assessments set forth in paragraph 26, above, in the United States Tax Court in Martin v. Commissioner, Docket No. 838-02.   That agreement was evidenced by an agreed Decision entered by the United States Tax Court on May 9, 2003.   The tax assessments in paragraph 26, above, were made pursuant to the agreed Decision entered on May 9, 2003.

28.   Notice and demand for payment of the assessments described in paragraph 26, above, was provided to and made upon Abraham.

29.   Despite notice and demand for payment, Abraham neglected, failed and/or refused to fully pay the amounts set forth in paragraph 26, above.

30.   There is due and owing from Abraham on the assessments described in paragraph 26, above, the sum of $126,265.16, plus statutory interest and other additions running from August 31, 2013, as provided by law.

**COUNT TWO:**
**REDUCE TO JUDGMENT JOINT FEDERAL TAX ASSESSMENTS**
**AGAINST ABRAHAM AND ANNA**

31.   The United States incorporates by reference paragraphs 1 through 30, above, as if fully set forth here.

32.   On various dates, a delegate of the Secretary of the Treasury made timely assessments against Abraham and Anna for

Complaint-9

unpaid joint federal income taxes (Form 1040 taxes) for tax years 1993 and 1994 as follows:

| TAX | TAX PERIOD | DATE OF ASSESSMENT | ASSESSED AMOUNT | OUTSTANDING BALANCE* AS OF AUGUST 31, 2013 |
|------|-----------|---------------------|-----------------|---------------------------------------------|
| 1040 | 1993 | 10/13/03<br><br>04/05/10<br>10/17/11<br>10/31/11 | (1) $ 69,731.00<br>(2) $ 52,298.00<br>(3) $136,525.47<br>(4) $     60.00<br>(4) $     62.00<br>(4) $     62.00 | <br><br><br><br><br>$ 442,273.08 |
| 1040 | 1994 | 10/13/03 | (1) $ 23,763.00<br>(2) $ 17,822.00<br>(3) $ 37,376.79 | <br><br>$ 135,625.16 |

(1)   Assessed Tax.
(2)   Civil Fraud Penalty pursuant to 26 U.S.C. § 6663.
(3)   Assessed Interest.
(4)   Fees and Collection Costs.

* Including accrued but unassessed interest and statutory additions through August 31, 2013.

33.   The IRS, Abraham, and Anna agreed to the assessments set forth in paragraph 32, above, in the United States Tax Court in Martin v. Commissioner, Docket No. 838-02.  That agreement was evidenced by an agreed Decision entered by the United States Tax Court on May 9, 2003.  The tax assessments in paragraph 32, above, were made pursuant to the agreed Decision entered on May 9, 2003.

10580415.1

34.   Notice and demand for payment of the assessments described in paragraph 32, above, was provided to and made upon Abraham and Anna.

35.   Despite notice and demand for payment, Abraham and Anna neglected, failed and/or refused to fully pay the amounts set forth in paragraph 32, above.

36.   There is due and owing from Abraham and Anna, jointly, on the assessments described in paragraph 32, above, the sum of $577,898.24, plus statutory interest and other additions running from August 31, 2013, as provided by law.

### COUNT THREE:
### FORECLOSURE OF FEDERAL TAX LIENS AGAINST SUBJECT PROPERTY

37.   The United States incorporates by reference paragraphs 1 through 36, above, as if fully set forth here.

38.   Pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraphs 26 and 32, above, and attached to all property and rights to property of Abraham and Anna, including the subject property.

39.   The United States seeks to foreclose the federal tax liens described above through a sale of the subject property.

40.   The subject property is encumbered with liens for the unpaid tax assessments described in paragraphs 26 and 32, above.

10580415.1

41.   The tax liens arising from the assessments described in paragraphs 26 and 32, above, have priority over all interests in the subject property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

42.   Under 28 U.S.C. § 7403(c), the United States of America is entitled to a decree of sale of the subject property to enforce its tax liens.

### COUNT FOUR:
### DETERMINE THAT THE TRANSFERS OF THE SUBJECT PROPERTY TO ABRAHAM AND ANNA, AS TRUSTEES, DO NOT AFFECT THE UNITED STATES' ABILITY TO COLLECT THEIR FEDERAL TAX DEBTS FROM THE SUBJECT PROPERTY

43.   The United States incorporates by reference paragraphs 1 through 42, above, as if fully set forth here.

44.   The purported transfers of Abraham's and Anna's respective interests in the subject property to the Abraham Revocable Trust and Anna Revocable Trust as described in paragraphs 14 and 17, above, are of no consequence to the United States' tax liens.  Abraham and Anna retained sufficient dominion and control over the Abraham Revocable Trust and the Anna Revocable Trust to order distributions and/or receive trust assets and income.  Thus, the purported transfers do not bar the United States from collecting the outstanding federal tax debts of Abraham and Anna from a sale of the subject property.

10580415.1

## COUNT FIVE:
### FIND THAT CERTAIN PURPORTED CONVEYANCES OF INTERESTS IN THE SUBJECT PROPERTY BY ABRAHAM AND ANNA WERE FRAUDULENT TRANSFERS

45.   The United States incorporates by reference paragraphs 1 through 44, above, as if fully set forth here.

46.   The purported conveyances of the subject property described in paragraphs 17, 18, and 21, above, were fraudulent as to the United States.

47.   During the mid-1990s, the IRS began conducting an audit of Abraham's and Anna's (and their business's) federal tax returns.   As a result of that audit, the IRS civil revenue agent made a criminal referral regarding Abraham.   Due to the ensuing criminal investigation, the civil disposition of Abraham's and Anna's (and their business's) federal tax returns was delayed until the criminal case finally closed.

48.   As a result of the criminal investigation, a grand jury in the United States District Court for the District of Hawaii returned an Indictment against Abraham on May 5, 1999, for willfully making and filing a false tax return with the IRS because it found Abraham knew the return understated the gross receipts for his construction business for the 1992 tax year by approximately $230,000.   Abraham was arraigned on these criminal charges on May 5, 1999, in the United States District Court for the District of Hawaii.

10580415.1

49.    At the time of the purported conveyances of the
subject property described in paragraph 17, above, the IRS had
been auditing Abraham's and Anna's (and their business's)
federal tax returns and a criminal investigation had been
commenced regarding those tax returns.   The purported
conveyances were made with the intent to hinder, delay, or
defraud Abraham's and Anna's creditors and/or without receiving
reasonably equivalent value in exchange.   As such, the purported
conveyances have no effect as to the United States under the
Hawaii Uniform Fraudulent Transfer Act, HRS § 651C-4, and each
such purported conveyance should be set aside.

50.    Alternatively, the purported conveyances of the
subject property described in paragraph 17, above, were made
without receiving a reasonably equivalent value in exchange for
the purported transfers; Abraham and Anna were insolvent at that
time or became insolvent as a result of the conveyances; and/or
they were made to insiders, i.e. to themselves as trustees of
their revocable trusts, for no present reasonably equivalent
value, Abraham and Anna were insolvent at the time, and the
insiders had reasonable cause to believe that Abraham and Anna
were insolvent.   As such, the purported conveyance has no effect
as to the United States under the Hawaii Uniform Fraudulent
Transfer Act, HRS § 651C-5, and such purported conveyance should
be set aside.

10580415.1

51.   At the time of the purported conveyance of the subject
property described in paragraph 18, above, Abraham had been
indicted and arraigned on a federal tax crime.   The purported
conveyance was made with the intent to hinder, delay, or defraud
Abraham's creditors and/or without receiving reasonably
equivalent value in exchange.   As such, the purported conveyance
has no effect as to the United States under the Hawaii Uniform
Fraudulent Transfer Act, HRS § 651C-4, and such purported
conveyance should be set aside.

52.   Alternatively, the purported conveyance of the subject
property described in paragraph 18, above, was made without
receiving a reasonably equivalent value in exchange for the
purported transfer; Abraham was insolvent at that time or became
insolvent as a result of the conveyance; and/or it was made to
an insider, Abraham's wife Anna, for no present reasonably
equivalent value, Abraham was insolvent at the time, and the
insider had reasonable cause to believe that Abraham was
insolvent.   As such, the purported conveyance has no effect as
to the United States under the Hawaii Uniform Fraudulent
Transfer Act, HRS § 651C-5, and such purported conveyance should
be set aside.

53.   At the time of the purported conveyance of the subject
property described in paragraph 21, above, the United States
Attorney's Office, District of Hawaii, had recorded a Notice of

10580415.1

Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 relating to judgment that office obtained against Anna for criminal restitution in a non-related criminal matter.   The purported conveyance was made with the intent to hinder, delay, or defraud Anna's creditors and/or without receiving reasonably equivalent value in exchange.   As such, the purported conveyance has no effect as to the United States under the Hawaii Uniform Fraudulent Transfer Act, HRS § 651C-4, and such purported conveyance should be set aside.

54.   Alternatively, the purported conveyance of the subject property described in paragraph 21, above, was made without receiving a reasonably equivalent value in exchange for the purported transfer; Anna was insolvent at that time or became insolvent as a result of the conveyance; and/or it was made to an insider for no present reasonably equivalent value, Anna was insolvent at the time, and the insider, Anna's daughter Joanne, had reasonable cause to believe that Anna was insolvent.   The purported conveyance described in paragraph 21, above, was to Anna's daughter, Joanne, who is considered an insider and who was at that time living (and still lives) at the subject property.   As such, the purported conveyance has no effect as to the United States under the Hawaii Uniform Fraudulent Transfer

10580415.1

Act, HRS § 651C-5, and such purported conveyance should be set aside.

55. Abraham and Anna remain the owners of the subject property despite the purported conveyances described in paragraphs 17, 18, and 21, and these purported conveyances should be set aside.

**COUNT SIX:**
**FIND THAT THE CURRENT TITLE HOLDERS OF THE SUBJECT PROPERTY ARE**
**HOLDING TITLE TO THE SUBJECT PROPERTY AS THE NOMINEE OF ABRAHAM**
**AND ANNA**

56. The United States incorporates by reference paragraphs 1 through 55, above, as if fully set forth here.

57. Abraham has continuously resided at the subject property, except for the periods when he was incarcerated due to his criminal convictions, since he purchased the subject property in 1985.

58. Anna has continuously resided at the subject property, except for the period when she was incarcerated due to her criminal conviction, since she married Abraham and obtained a one-half interest in the subject property in 1987.

59. Since at least the late 1980s to the present, Abraham and Anna have retained possession of the subject property, enjoyed the use and benefit of the subject property, and have made all decisions regarding the subject property.

10580415.1

60.   Since at least the late 1980s to the present, Abraham and Anna have continuously paid expenses associated with the subject property.  Abraham and Anna have never paid rent to remain at the subject property.

61.   The subject property was used as collateral to secure Abraham's appearance in his non-related criminal case in April 2005, as described in paragraph 19, above.

62.   The subject property was also used as collateral to secure payment of a criminal restitution order against Anna based on her non-related criminal case in November 2005, as described in paragraph 20, above.

63.   Based on the foregoing, and because Abraham and Anna have maintained a beneficial interest in and exerted control over the subject property, Anna and Joanne hold title to the subject property as the nominees of Abraham and Anna.

WHEREFORE, the United States of America prays as follows:

A.   That this Court determine and adjudge that defendant Abraham is indebted to the United States of America on the assessments described in paragraph 26, above, in the sum of $126,265.16, plus statutory interest and other additions running from August 31, 2013, as provided by law, or in such amount as the Court determines, and that the United States recover judgment therefore;

10580415.1

B.    That this Court determine and adjudge that defendants
Abraham and Anna are jointly indebted to the United States of
America on the assessments described in paragraph 32, above, in
the sum of $577,898.24, plus statutory interest and other
additions running from August 31, 2013, as provided by law, or
in such amount as the Court determines, and that the United
States recover judgment therefore;

C.    That this Court determine, adjudge, and decree that
the tax liens of the United States for the assessments described
in paragraphs 26 and 32, above, attached to the subject property
and that the United States has valid and subsisting liens
against the subject property;

D.    That this Court determine, adjudge, and decree that
the purported transfers of Abraham's and Anna's respective
interests in the subject property to the Abraham Revocable Trust
and Anna Revocable Trust were transfers made subject to the
United States' tax liens and that Abraham and Anna retained
their interests in the subject property such that the United
States can collect their federal tax debts from the subject
property;

E.    That this Court determine, adjudge, and decree that
the purported conveyances described in paragraphs 17, 18, and
21, above, are fraudulent conveyances and are of no effect as to
the United States' tax lien claims, and that they be set aside;

10580415.1

F.    That this Court determine, adjudge, and decree that Anna and Joanne hold title to the subject property as the nominee of Abraham and Anna;

G.    Alternatively, that this Court adjudge and decree that the United States, based upon paragraphs D, E and/or F, has valid and subsisting liens against the subject property;

H.    That this Court order that the federal tax liens of the United States be foreclosed upon the subject property; that the subject property be ordered sold by a court-appointed IRS Property and Appraisal Liquidation Specialist, or the United States Marshal, at a judicial sale; that the proceeds thereof be first applied to the costs of such sale and any outstanding real property county taxes due at the time of such sale and then that the balance of such proceeds of sale be distributed to the United States and all other creditors in their respective priorities; and

///

///

///

///

10580415.1

I.   That the United States be awarded its costs and such other relief as is just and proper.

DATED this 2nd day of October, 2013.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
HARRY YEE (3790)
Asst. United States Attorney

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
Email: Jeremy.Hendon@usdoj.gov

10580415.1