IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CIVIL NO. 13-00503 LEK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| ABRAHAM NGUYEN MARTIN, Individually and Trustee for the ABRAHAM NGUYEN MARTIN REVOCABLE TRUST AGREEMENT DATED JANUARY 10, 1991, ANNA ANH MARTIN, Individually and Trustee for the ANNA ANH MARTIN REVOCABLE TRUST AGREEMENT DATED JANUARY 10, 1991, JOANNE ANN MARTIN, WELLS FARGO BANK, N.A., LOANCARE, a Division of FNF SERVICING, INC., AND STATE OF HAWAII, DEPARTMENT OF TAXATION, , | ) | |
| Defendants. | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY
JUDGMENT ON COUNTS ONE AND TWO IN THE COMPLAINT**

Before the Court is Plaintiff the United States of America's ("the Government") Motion for Summary Judgment on Counts One and Two in the Complaint ("Motion"), filed on June 9, 2014. [Dkt. no. 44.] Pro se Defendant Abraham Nguyen Martin ("Abraham Martin") filed his memorandum in opposition on August 11, 2014, and the Government filed its reply on August 18, 2014. [Dkt. nos. 62, 65.] This matter came on for hearing on September 2, 2014. After careful consideration of the Motion,

supporting and opposing memoranda, and the arguments presented at the hearing, the Government's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On October 3, 2013, Plaintiff filed its Complaint to Reduce Federal Tax Assessments to Judgement and Foreclose Federal Tax Liens on Real Property ("Complaint") against: Abraham Martin, individually and trustee for the Abraham Nguyen Martin Revocable Trust Agreement dated January 10, 1991; Anna Anh Martin ("Anna Martin"), individually and trustee for the Anna Anh Martin Revocable Trust Agreement dated January 10, 1991; Joanne Ann Martin ("Joanne Martin"); Wells Fargo Bank, N.A.; LoanCare, a division of FNF Servicing, Inc.; and State of Hawai`i, Department of Taxation.

The Complaint centers on the Government's attempt to foreclose on the Martin home, located in Honolulu ("the Property"), and to ensure that the Government can satisfy Abraham and Anna Martin's (collectively, "the Martins") tax liabilities through the sale – by setting aside purported fraudulent transfers of the Property and adjudging title.

The Government alleges that Abraham Martin failed to pay certain tax liabilities in 1992, and the Martins jointly failed to pay additional liabilities in 1993 and 1994. [Complaint at ¶¶ 26, 32.]  Together, the Government alleges that,

with fraud and failure-to-pay penalties and interest, their debt amounted to over $700,000 as of August 2013. [Id.] The Government further alleges that, beginning in 1998, the Martins engaged in a series of fraudulent transfers of the Property between family trusts for no consideration, in an attempt to evade an audit by the federal government. [Id. at ¶¶ 15-18, 21-22, 45-55.]

The Complaint alleges the following claims: reduce to judgment federal tax assessments against Abraham Martin for tax year 1992 ("Count I"); reduce to judgment federal tax assessments against the Martins jointly for tax years 1993 and 1994 ("Count II"); foreclose on federal tax liens against the Property ("Count III"); determine that the suspect transfers of the Property do not affect the Government's ability to collect on the Martins' tax debts from the Property ("Count IV"); find that the suspect conveyances were fraudulent ("Count V"); and find that the current titleholders of the Property, Anna and Joanne Martin, are holding title as nominees of the Martins ("Count VI"). [Id. at ¶¶ 25-63.]

The Government seeks the following relief, that this Court: adjudge that Abraham Martin is indebted to the Government in the sum of $126,265.16, plus statutory interest, and the Martins are jointly indebted in the sum of $577,898.24, plus additional interest; adjudge and decree that the tax liens have

attached to the Property; in the alternative, adjudge and decree that the transfers were all made subject to the tax liens, were fraudulent, and should be set aside, and that Anna and Joanne Martin hold title as nominees of the Martins, and thus the liens subsist; order the tax liens foreclosed on the Property, the Property sold, and the proceeds applied to the Martins' tax debts; and award costs and all other appropriate relief. [Id. at pgs. 18-21.]

## **DISCUSSION**

On May 9, 2003, the United States Tax Court entered a stipulated decision ("Deficiency Decision") that found Abraham Martin had a deficiency of $18,349.00 from 1992, and that the Martins jointly had deficiencies of $69,731.00 and $23,763.00 from 1993 and 1994, respectively. The tax court also adjudged penalties of $13,762.00, $52,298.00, and $17,822.00 for fraud in each of those years. [Abrahams Martin's Concise Statement of Material Facts, filed 8/11/14 (dkt. no. 62-1) ("Martins' CSOF"), Exh. E (Deficiency Decision).[1]]

---

[1] Along with his memorandum in opposition and the Martins' CSOF, Abraham Martin filed the Declaration of Abraham Martin ("Martin Declaration") and Exhibits A-F. Although these documents were not strictly compliant with all of the subsections of Rule LR56.1 of the Local Rules of Practice of the United States District Court for the District of Hawai`i, "pro se litigants are held to less stringent standards than those of their legal counterparts," Welsh v. Wilcox Mem'l Hosp., Civil No. 12-00609 LEK-KSC, 2012 WL 6047745, at *1 (D. Hawai`i Dec. 4, 2012) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per
(continued...)

4

The crux of Abraham Martin's argument in his memorandum in opposition, his declaration, and his Notice of Acts of Fraud upon the Court, which he filed on August 28, 2014, [dkt. no. 67,] is that the Deficiency Decision was fraudulent.[2] He argues that: he could not have stipulated to or executed the Deficiency Decision because he was in Vietnam at the time he purportedly executed it; Anna Martin was coerced into signing the Deficiency Decision; and the Martins' attorney, the IRS, and the tax court conspired against the Martins in reaching the Deficiency Decision. [Mem. in Opp. at 3, 5-8; Martins' CSOF at ¶¶ 1-10; Abraham Decl. at ¶¶ 6-12.]

However, these same arguments were rejected by the tax court in an order dated June 7, 2011 ("Vacatur Order"), denying a motion brought by the Martins to vacate the Deficiency Decision

---

[1](...continued)
curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2012)). The Government also submitted the Deficiency Decision, [United States' Concise Statement of Material Facts, filed 6/9/14 (dkt. no. 44-2) ("Govt.'s CSOF"), Decl. of Jeremy N. Hendon ("Hendon Decl."), Exh. 2,] albeit without Abraham Martin's annotations.

[2] The Court rejects all of Abraham Martin's other arguments – including that he has an absolute right to a jury trial even where there are no issues in dispute, that the Government violated discovery rules and proper investigatory procedures, and that res judicata cannot apply here – as legally and factually unsupported. While the Court is sympathetic to the Martins' feelings that they have been treated unjustly, this Court and the other courts that have ruled in this matter are bound by rules of court and civil procedure, and there is no evidence, presented either by the Government or the Martins in this case, that the Government has violated any of these rules or treated the Martins unfairly.

more than seven years after that decision became final. [Hendon Decl., Exh. 6 (Vacatur Order).] The Vacatur Order upheld the Deficiency Decision, and the Ninth Circuit affirmed on appeal. [Id., Exh. 7 ("Ninth Circuit Order").] Based on the Deficiency Decision, the Vacatur Order, and the Ninth Circuit Order, the Government argues that res judicata applies in this case, and any argument that Abraham Martin raises regarding the Martins' tax liabilities and fraud on the court, must be rejected. [Mem. in Supp. of Motion at 13-15.] This Court agrees that it is bound by res judicata as to these issues.

The Ninth Circuit has held:

> Res judicata, also known as claim preclusion, applies only where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (citation and internal quotation marks omitted). . . . We consider four factors in determining an "identity of claims":
>
>> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
>
> Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation omitted). "The last of these criteria is the most important." Id. at 1202 (citation omitted).

Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917-18 (9th Cir. 2012)

Courts regularly apply res judicata in the tax assessment context. For example:

> "In the tax context, once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" In re Baker, 74 F.3d 906, 910 (9th Cir. 1996) (quoting Comm'r v. Sunnen, 333 U.S. 591, 598, 68 S. Ct. 715, 92 L. Ed. 898 (1948)). "For res judicata purposes, an agreed or stipulated judgment is a judgment on the merits." Id. (citing United States v. Int'l Bldg. Co., 345 U.S. 502, 505–06, 73 S. Ct. 807, 97 L. Ed. 1182 (1953); Lawrence v. Steinford Holding B.V. (In re Dominelli), 820 F.2d 313, 316–17 (9th Cir. 1987)).

United States v. Burrell, No. 2:11-CV-03079-GEB-EFB, 2013 WL 4710498, at *3 (E.D. Cal. Aug. 30, 2013).

The Court finds that res judicata applies in this case, and this Court is bound by the judgments of the tax court and the Ninth Circuit on these issues. As to the fraud on the court issue – the claims are the same, there has been a final judgment on the matter, and the parties are identical. See Turtle Island, 673 F.3d at 917. As to the tax assessments for the Martins for 1992-1994, which Abraham Martin has not specifically denied at any point, those have been litigated and determined in a stipulated judgment, and twice upheld. See Burrell, 2013 WL 4710498, at *3.

7

At the hearing on the Motion, the Court gave Abraham Martin an opportunity to present evidence and argument as to why the earlier decisions should be set aside. However, there was no admissible evidence presented that, even construed in the light most favorable to him, could raise a genuine issue of material fact that he was not liable for the amount at issue in the Deficiency Decision or that there had been fraud upon the court. See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (stating that, at summary judgment, the court "must determine, viewing the facts in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law" (citation and quotation marks omitted)). Thus, the Court CONCLUDES that the Martins were properly assessed tax liabilities according to the Deficiency Judgment and there was no fraud on the court.

Further, the Government has included three Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340s), for the Martins for tax deficiencies from tax years 1992-1994. [Hendon Decl., Exhs. 3-5.] These Forms 4340, all dated September 13, 2013, show tax liabilities, penalties, and assessed interest up through late 2003, amounting to $77,575.59, $258,738.47, and $78,961.79, respectively. [Id.] Forms 4340 are "presumptive evidence that a tax has been validly assessed[.]"

Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); see also United States v. Lindsey, Civil No. 11-00664 JMS-KSC, 2013 WL 3947757, at *4-5 (D. Hawai`i July 30, 2013). Again, there was no evidence presented to rebut these documents or their substance. Thus, even if res judicata did not apply, the Court would grant the Motion as to the Martins' federal tax assessments and penalties against them for tax years 1992-1994, based on the Government's evidence.

The Government also moves for summary judgment as to the interest on the tax assessments and penalties. [Mem. in Supp. of Motion at 16-17.] 26 U.S.C. § 6601(a) provides that, "[i]f any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under [26 U.S.C. § 6621] shall be paid for the period from such last date to the date paid." Section 6621 establishes the underpayment rate, and 26 U.S.C. § 6622 provides that the interest compounds daily. Similarly, under 26 U.S.C. § 6601(e)(2)(A), "[i]nterest shall be imposed under subsection (a) in respect of any assessable penalty . . . only if such assessable penalty . . . is not paid within 21 calendar days from the date of notice and demand therefor . . . ." The Ninth Circuit has described Section 6601(e)(2)(A) as a "binding statutory directive to allow interest to the government" upon a showing that it has a right to

9

reduce the assessment to judgment, and also has held that a district court is "not permitted . . . to exercise its discretion regarding the award of interest." Purcell v. United States, 1 F.3d 932, 943 (9th Cir. 1993); see also Lindsey, 2013 WL 3947757, at *5. The Court thus CONCLUDES that the Government is entitled to statutory interest as to the Martins' tax and penalty assessments, and the Court GRANTS the Motion to reduce the Martins' tax interest to judgment.

The only issues that remain are: (1) the form of the proof of the unassessed interest; and (2) exactly how much interest the Martins owe. At the hearing on the Motion, counsel for Joanne Martin argued that, while the Government's proof of tax assessments against the Martins may be proper, the Government has not proved with admissible evidence the accrued interest due on the Martins' debt, and thus the Government may not reduce to judgment the purported interest. The Government argued that its evidence is sufficient to grant summary judgment as to all interest on the assessments and penalties.

To support its determination of the interest, the Government attaches the Declaration of M. Henry Halle ("Halle Declaration") to the its CSOF. Halle declares, under penalty of perjury, that he is the Advisory & Insolvency ("AI") Advisor in the Small Business/Self Employed Division of the Internal Revenue Service ("IRS") in Seattle, Washington, and that he has personal

knowledge of and responsibility for the tax calculations in this case. [Halle Decl. at ¶¶ 1-3.] Attached to the Halle Declaration, the Government includes Exhibits 1-3, which Halle attests are the "breakdown[s] of the tax, penalties, and interest, as well as a calculation of the accrued interest" for each year. [Id. at ¶¶ 4-6.] He states that the outstanding balance due by Abraham Martin is $128,969.36, and by the Martins jointly is $590,191.98, and notes that "interest continues to be compounded daily . . . ." [Id. at ¶¶ 7-8.] The Martins do not dispute these documents or the facts that they support in the Government's CSOF.

The Court finds that the Halle Declaration and its Exhibits 1-3 are sufficient to prove the Martins' accrued interest as of May 22, 2014. As argued at the hearing on the Motion, the Government regularly provides similar interest computation tables and declarations, attesting to interest calculations, and courts have found this proof admissible and reliable evidence of accrued interest. For example, in United States v. Suganuma, 546 F. Supp. 2d 996, 1000, 1002 (D. Hawai`i 2008), this district court addressed the government's argument that "the submission of the declaration of an IRS advisor with attached computer printouts which contain breakdowns of the tax, penalties, and interest, as well as a calculation of the accrued interest for income tax liabilities for each period, provides

sufficient evidence of the assessed balance as well as accruals" and concluded that the government had "properly established the accruals through the Declaration of Henry Halle, IRS Technical Services Advisor, and the attachments thereto." See also, e.g., Lindsey, 2013 WL 3947757, at *5 (relying on similar evidence to compute total tax liabilities and accrued interest); United States v. Smith, No. CV10-2358-PHX-DGC, 2012 WL 2317770, at *2, *13 (D. Ariz. June 18, 2012) (relying on the declaration of an IRS technical advisor and printouts attached to her declaration used "to compute up-to-date interest and penalty calculations on the balances owed"); cf. In re Indian Wells Estates, Inc., 96 F.3d 1451 (9th Cir. 1996) (in bankruptcy case, rejecting argument that "the IRS failed to meet its burden of proof on the award of interest" in part because the IRS substantiated the amounts "by providing detailed computer printouts and an accompanying explanation by an IRS expert in the field").

Since there has been no specific challenge to the calculations or any figures in the computation tables, the Court CONCLUDES that the Halle Declaration and Exhibits 1-3 are sufficient to prove the accrued interest of the Martins' tax assessment and penalty liabilities. The Court therefore GRANTS the Motion in its entirety and REDUCES to judgment the tax assessments, penalties, and interest liabilities of Abraham Martin for the tax year of 1992 to $128,969.36, and of the

Martins jointly for the tax years of 1993-1994 to $590,191.98.

**CONCLUSION**

On the basis of the foregoing, the Government's Motion for Summary Judgment on Counts One and Two in the Complaint, filed June 9, 2014, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 25, 2014.



　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

**UNITED STATES OF AMERICA VS. ABRAHAM NGUYEN MARTIN, ET AL; CIVIL 13-00503 LEK-KSC; ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE AND TWO IN THE COMPLAINT**